HUDSON ANSLEY, as Assignee, etc., Respondent, *v.* DANIEL H. PATTERSON, Impleaded, etc., Appellant.

State courts have jurisdiction of an action by an assignee in bankruptcy to set aside and have declared void a chattel mortgage executed by the bankrupt, on the ground that it constitutes a fraudulent preference within the bankrupt act, and to compel an accounting on the part of the mortgagee; it is not a matter or proceeding in bankruptcy within the meaning of section 711 of the U. S. Revised Statutes.

(Argued April 10, 1879; decided April 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff, as assignee in bankruptcy of defendants Littlefield and York, to have a chattel mortgage executed by said bankrupts to defendant Patterson set aside and declared void as against creditors, as giving a fraudulent preference within the meaning of the bankrupt act, and to compel the mortgagee to account.

The complaint was dismissed on the ground that the court had no jurisdiction of the subject matter of the action.

*E. D. Northrup*, for appellant. The State courts did not have jurisdiction of this action. (U. S. R. S., § 711; *Bromley* v *Goodrich* [Sup. Ct. Wis.], 15 Nat. B'k Register, 15, Alb. Law J., 397; *Frost* v. *Hotchkiss*, 15 id., 317; 7th ed. Bump's Law and Pr. of Bankruptcy, 210; *Schultz* v. *Bolting*, 17 Alb. Law Jour., 291; 17 Nat. B'k Reg., 167; *Hal-*

*leck* v. *Fritch*, 17 id., 293 ; Alb. Law Jour., 351 [U. S. Circuit Ct. of Col.] ; *Couro* v. *Crane* [U. S. Sup. Ct.], 15 id., 317 ; *Wiswall* v. *Campbell*, id. ; *Goodrich* v. *Willson*, 15 id., 150 ; *Cook* v. *Whipple*, id., 412.)

*William H. Henderson*, for respondent. The State court had jurisdiction of this action. (Laws 1858, chap. 314 ; *Cook* v. *Whipple*, 55 N. Y., 150 ; *Claflin* v. *Houseman*, 14 Alb. L. J., 373 ; 6 N. Y. W'kly Dig., 86 ; *Goodrich* v. *Wilson*, 14 Nat. B. Reg., 555.)

Andrews, J. This court in *Cook* v. *Whipple* (55 N. Y., 150), and *Thompson* v. *Sweet* (73 N. Y., 622), held that State courts under the bankrupt act of 1867 had jurisdiction of actions brought by assignees in bankruptcy to enforce rights arising under the bankrupt act, to the property of the bankrupt, transferred in fraud of the act, or with intent to give a fraudulent preference contrary to its provisions. The same doctrine was declared by the United States Supreme Court in *Claflin* v. *Houseman* (93 U. S., 130), which is a final and controlling decision upon the point. In *Kidder* v. *Horribin* (72 N. Y., 159), which was an action by an assignee in bankruptcy, brought after the revision of the United States Statutes in 1874, to recover a debt due to the bankrupt, it was held, that State courts are not deprived of jurisdiction of an action by an assignee in bankruptcy, to recover the assets of the bankrupt by section 711, of the revision. The reasons for this conclusion are fully stated in the opinion in that case, and the decision proceeded upon the ground that a suit brought upon a cause of action created by the bankrupt act, or existing independently of that act, was not a matter or proceeding in bankruptcy, within the meaning of that section.

This action is brought to set aside, and to have declared void, a chattel mortgage executed by the bankrupt to the defendant Patterson, on the ground that it constituted a fraudulent preference within the bankrupt act, and to com-

pel an accounting by the mortgagee in respect to the property received by him under the mortgage. The reasoning in the case of *Kidder* v. *Horrobin*, applies in this case, and we are of opinion, that the jurisdiction of the State court in an action like this, which confessedly existed prior to 1874, has not been taken away, by the Revised Statutes.

The order of the General Term should therefore be affirmed, and judgment absolute ordered for the plaintiff on the stipulation, with costs.

All concur.

Order affirmed, and judgment accordingly.